# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CARL DROWNS,                                    )
                                                )
                Plaintiff,        )
                                                )
             v.                      )     Case No. 4:22-00317-CV-RK
                                                )
VILLAGE OF OAKVIEW BOARD OF                     )
TRUSTEES, LAURA HILL RUSSELL,                   )
BOARD OF TRUSTEES VILLAGE OF                    )
OAKVIEW, MISSOURI, IN HER                       )
OFFICIAL AND INDIVIDUAL                         )
CAPACITY; AND VILLAGE OF                        )
OAKVIEW, MISSOURI,                              )
                                                )
             Defendants.          )

## ORDER

This is an action for legal and equitable relief brought pursuant to the Missouri Human Rights Act ("MHRA"), common law, and Title VII of the Civil Rights Act of 1964 to remedy alleged race discrimination, hostile work environment, harassment, and retaliation by Defendants against Plaintiff Carl Drowns. (Doc. 1-1 at 211.) Before the Court is the Motion for Judgment on the Pleadings filed by Defendant Laura Hill Russell. (Doc. 16.) The motion is fully briefed. (Docs. 17, 24, 25.) For the reasons below, the motion is **GRANTED**.

## Background

Plaintiff was the Chief of Police of the Village of Oakview and had a career in the Village of Oakview Police Department for nearly 26 years. (Doc. 1-1 at ¶¶ 9, 45.) Between 2018 and 2019, Defendant Russell reported an alleged assault, and Plaintiff took part in the investigation. (*Id.* at ¶ 12.) In the course of events that followed, conflict developed between Defendant Russell and Plaintiff. (*e.g. Id.* at ¶¶ 13-15.) Sometime in 2019, Defendant Russell got a seat on the Board of Trustees of the Village of Oakview. (*Id.* at ¶ 16.) Plaintiff alleges that Defendant Russell's antagonism toward him continued (*see gen. id.* at ¶¶ 17-42), and that around November of 2020, Defendant Russell solicited candidates for Plaintiff's position even though he had not resigned. (*Id.* at ¶ 43.) After Plaintiff requested part-time status in February of 2021, Defendant Board of Trustees indicated in early March at a meeting that it would consider his request during a work session, though Plaintiff alleges it had no such intention and wanted instead to hire a younger and

more compliant Chief of Police. (*Id.* at ¶ 44-45.) The following day, March 10, 2021, at approximately 6:00 a.m., just outside his home, Plaintiff was handed a letter indicating Defendant Board of Trustees accepted his resignation, but Plaintiff had not resigned. (*Id.* at ¶ 46.)

Plaintiff filed a Charge of Discrimination on June 23, 2020, against his employer, named as Village of Oakview, Missouri, alleging discrimination based on race, color, sex, national origin, retaliation, and age. (Doc. 30-1 at 2.) Plaintiff was issued a Notice of Right to Sue on April 14, 2021. (Doc. 30-2 at 1.)

Thereafter, Plaintiff filed suit in the Circuit Court of Clay County, Missouri on May 13, 2021. (Doc. 1-1) Subsequently, Plaintiff filed a Second Amended Petition containing several counts: (1) retaliation under Title VII and the MHRA; (2) hostile work environment under Title VII and the MHRA; (3) race discrimination under Title VII and the MHRA; (4) wrongful discharge in violation of Missouri public policy, § 106.273, RSMo.; (5) conspiracy to violate civil rights under Title VII; (6) breach of contract; and (7) age discrimination under the Age Discrimination in Employment Act ("ADEA) and the MHRA. (Doc. 1-1 at 219-227.) Defendant Russell is named in her official capacity as a member of the Board of Trustees of the Village of Oakview as well as in her individual capacity. (Doc. 1-1 at 211.) The case was removed to this Court on May 13, 2022. (Doc. 1.)

Defendant Russell now brings a motion for judgment on the pleadings, in which she requests judgment be entered in her favor by "dismissing Plaintiff's Second Amended Petition with prejudice because it fails to state cognizable claims against her and does not contain sufficient allegations of fact (as opposed to mere legal conclusions and argument) to support the causes of action against her." (Doc. 16 at 1.)

In particular, Defendant Russell first argues Title VII does not provide for non-employer liability so judgment on all Plaintiff's Title VII based claims must be granted in her favor. (Doc. 17 at 3-5.) Defendant Russell next contends that because the current version of the MHRA does not provide for non-employer liability, judgment must be granted in her favor for all Plaintiff's MHRA-based claims. (*Id.* at 5-7.) Defendant Russell further asserts she cannot be liable for wrongful discharge as a matter of Missouri state law because the only proper defendant for such a claim is the employer, the Village of Oakview. (*Id.* at 7-8.) Finally, Defendant Russell argues because the Village of Oakview is the only party with which Plaintiff allegedly contracted,

2

Defendant Russell is entitled to judgment in her favor on Plaintiff's breach of contract claim under Missouri law. (*Id.* at 8.)

## Legal Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)[.]" *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotations and citation omitted). "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citation omitted).

## Discussion

### I.      Timing of Defendant Russell's Motion for Judgment on the Pleadings

Plaintiff argues Defendant Russell's motion for judgment on the pleadings is untimely and fails to comply with the requirements of Rule 12(c). (Doc. 24 at 2.) Specifically, Plaintiff appears to argue that because motions for judgment on the pleadings are reviewed under the same standards as Rule 12(b)(6) motions and because Rule 12(b) motions must be made before pleading if a responsive pleading is allowed, this Rule 12(c) motion is untimely as Defendants have filed their answer. By its own terms, however, Rule 12(c) allows motions for judgment on the pleadings only "after the pleadings are closed" – that is – when Defendants have filed their answer. In addition, Plaintiff's unsupported claim that a Rule 12(c) motion is not appropriate where the parties are fully engaged in discovery does not appear to be in line with Rule 12(c).

Defendant Russell's motion for judgment on the pleadings is timely.

### II.     Title VII and Non-Employer Liability

Defendant Russell first argues Title VII does not provide for non-employer liability such that judgment on all Plaintiff's Title VII-based claims must be granted in her favor. (Doc. 17 at 3-5.) Plaintiff's response to this argument, as well as the remainder of those addressed below, is brief, conclusory, and unsupported by any citation to authority:

[The] claims brought against Laura Russell are not duplicative or meritless. In his Complaint, Plaintiff sets forth detailed facts supporting his claim of violation of his right to engage in protected activity. Plaintiff is entitled to press his grievances. Laura Russell along with the Deborah Zanger, and Board members agreed and conspired to violate his rights by threatening to disband the police department and constructively discharge Plaintiff from his position. As to Count V, Plaintiff submits that he has provided material facts and specific details to support a claim against Laura Russell.

(Doc. 24 at 2.)

The Eighth Circuit has been clear: Title VII does not impose liability upon individuals, whether a plaintiff's supervisor or co-employee. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers[.]") (citing *Smith v. St. Benards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)); *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (recognizing: "Our circuit . . . has squarely held that supervisor may not be held individually liable under Title VII.") (citing *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)).

In his EEOC Charge, Plaintiff named Village of Oakview as his employer. (Doc. 30-1.) In Plaintiff's Second Amended Petition, the operative complaint, Plaintiff's allegations as to who his employer is are not clear,[1] but do not name Laura Russell:

9.      On May 22, 1995, the Defendant and Board hired Plaintiff as a police officer. . . . .

10.     During his tenure, the Defendant, Village of Oakview, has had several board members generally consisting of five (5) members. As Chief of Police, Plaintiff directly reports to the mayor, attends regular monthly Board meetings, work sessions and special meetings. The Board maintains control over the police department.

(Doc. 1-1 at 212-213.)

Because Title VII does not impose individual liability in the context of employment discrimination actions, Plaintiff fails to state a plausible claim against Defendant Russell under Title VII. Accordingly, Defendant Russell is entitled to judgment on the pleadings as to Plaintiff's Title VII claims against her.

---

[1] This lack of clarity permeates Plaintiff's Second Amended Petition, which contains several allegations against "the Defendant" but rarely specifies which "Defendant" in this multidefendant action.

## III.     The Age Discrimination in Employment Act (ADEA) and Non-Employer Liability

Defendant Russell also argues the ADEA does not provide for non-employer liability so judgment on all Plaintiff's ADEA based claims must be granted in her favor. (Doc. 17 at 3-5.)

As to the ADEA and non-employer liability, the following explanation is useful:

> While the Eighth Circuit has not expressly held whether individual liability exists under the ADEA, it has determined the definitions of employer under Title VII and the ADEA are analogous. *Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377, 380 (8th Cir.1995). Consequently, many courts within the Eighth Circuit have held that the Eighth Circuit will not impose individual liability under the ADEA. *See, e.g. Smith v. Bankers Life and Cas. Co.,* 519 F.Supp.2d 964, 967 (S.D.Iowa 2007); *Olsen v. Capital Region Medical Center,* 2012 WL 1232271, at \*12 (W.D.Mo. Apr. 12, 2012); *Widmar v. City of Kansas City, Mo.,* 2006 WL 743171, at \*2 (W.D.Mo. March 20, 2006). Further, several other Circuits have reached a similar conclusion regarding individual liability. *See, e.g. Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510–511 (4th Cir.1994).

*Lyons v. Drew*, No. 14-0510-CV-W-ODS, 2015 WL 1198081, at \*2 (W.D. Mo. Mar. 16, 2015).

After careful review of the rationale set forth in those cases, this Court finds Defendant Russell as an individual is not subject to liability under the ADEA. Therefore, Defendant Russell is entitled to judgment on the pleadings as to Plaintiff's ADEA claims against her.

## IV.     The MHRA and Non-Employer Liability

Defendant Russell contends that because the current version of the MHRA does not provide for non-employer liability, judgment must be granted in her favor for all Plaintiff's MHRA-based claims. (Doc. 17 at 5-7.) In particular, Defendant Russell points out that any allegations against her in Plaintiff's Second Amended Petition took place after the MHRA was amended to remove liability for individual employees and supervisors.

On August 28, 2017, the State of Missouri amended the MHRA to bar claims against individual employees such as Defendant Russell. 2017 Mo. Legis. Serv. S.B. 43, § 213.010(8)(c) (eff. Aug. 28, 2017). Under the pre-amendment version of the MHRA, individual supervisors could be liable as "employers" if they were "directly acting in the interest of an employer." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009). Under the amended version of the MHRA, this avenue of individual liability is not available because the term "'[e]mployer' shall not include . . . [a]n individual employed by an employer." §213.010(8)(c), RSMo Supp. 2017.

5

Because Defendant Russell is not an employer under the MHRA definition effective at the time of the allegations against her, Defendant Russell is entitled to judgment on the pleadings as to Plaintiff's MHRA claims against her.

## V.  Wrongful Discharge

Defendant Russell asserts she cannot be liable for wrongful discharge as a matter of Missouri state law because the only proper defendant for such a claim is the employer, the Village of Oakview.  (Doc. 17 at 7-8.)  Plaintiff specifies §106.273 as supporting his claim that Defendants violated Missouri public policy.  As Plaintiff's Second Amended Petition says, §106.273 includes language indicating:

> 2. A chief shall be subject to removal from office or employment by the appointing authority or the governing body of the political subdivision employing the chief if:

> (1) The governing body of the political subdivision employing the chief issues a written notice to the chief whose removal is being sought no fewer than ten business days prior to the meeting at which his or her removal will be considered;

> (2) The chief has been given written notice as to the governing body's intent to remove him or her.

§ 106.273.2, RSMo.  The Missouri Supreme Court has held that "'[a] wrongful discharge cause of action requires an employer/employee relationship.'"  *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 595 (Mo. 2013) (quoting *Brooks v. City of Sugar Creek*, 340 S.W.3d 201, 213 (Mo. App. W.D. 2011)).  Where a defendant is alleged to have acted only in a supervisory manner with respect to a plaintiff's work duties, that person is not the employer.  *Id.*

Here, Defendant Russell is not alleged to have acted as Plaintiff's employer; rather, she is alleged to have served as a member of the Village of Oakview Board of Trustees.  Therefore, because Plaintiff has not alleged an employer-employee relationship existed between him and Defendant Russell, Defendant Russell is entitled to judgment o the pleadings as to Plaintiff's wrongful discharge claim against her.

## VI.     Breach of Contract

Finally, Defendant Russell argues that because the Village of Oakview is the only party with which Plaintiff allegedly contracted, Defendant Russell is entitled to judgment in her favor on Plaintiff's breach of contract claim under Missouri law.  (Doc. 17 at 8.)

Upon review of Plaintiff's Second Amended Petition, the Court finds no allegations showing a contract existed between Plaintiff and Defendant Russell and no allegations giving rise to a reasonable inference of a contractual relationship between them.

Accordingly, Defendant Russell is entitled to judgment on the pleadings as to Plaintiff's breach of contract claim against her.

### Conclusion

Defendant Russell's Motion for Judgment on the Pleadings (Doc. 16) is **GRANTED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 7, 2022